UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSE RIVERA On Behalf of Himself and               Case No:
All Others Similarly Situated,

                            Plaintiffs,               **COLLECTIVE AND**
                                        **CLASS ACTION**
      -vs.-               **COMPLAINT**
                                        **WITH JURY DEMAND**

P.R. CREPE LTD. d/b/a JOHN'S COFFEE SHOP,
GEORGE TSINIAS and NIKOLAS TSINIAS,

                         Defendants.
-------------------------------------------------------------------X

     Plaintiff JOSE RIVERA (hereinafter "Rivera") on behalf of himself and all others similarly situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through his attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for his Complaint against P.R. CREPE LTD. d/b/a JOHN'S COFFEE SHOP,  ("John's Coffee Shop"), GEORGE TSINIAS (hereinafter "George") and NIKOLAS TSINIAS (hereinafter "Nikolas") (together as Defendants"), allege upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

<u>**NATURE OF CASE**</u>

     1.    This is a civil action for damages and equitable relief based upon Defendants' flagrant and willful violations of Plaintiffs' rights guaranteed to him by: (i) the minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*.; (ii) the minimum wage provisions of the New York Labor Law ("NYLL"), Article 19, §§ 650 *et seq.*; (iii) the overtime provisions of the FLSA, 29 U.S.C. § 207(a); (iv) the overtime provisions of NYLL § 160 and the corresponding N.Y. Comp. Codes R. & Regs ("NYCCRR"); (v) the spread of hours requirement under the NYLL, Article 19, § § 650 et seq., and NYCCRR; (vi) the requirement that

1

employers furnish employees with wage statements on each payday containing specific categories of information under the NYLL § 195(3); (vii) the requirement that employers furnish employees with a wage notice at the time of hiring containing specific categories of accurate information, NYLL § 195(1); and (viii) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants - - Restaurant and its owners/managers. Throughout his employment, Defendants required Plaintiff to work, and Plaintiff did work, more than forty hours per week.  However, Defendants failed to pay Plaintiff at the minimum wage or overtime rate of pay of one and one-half times his regular rate of pay for each hour that Plaintiff worked per week in excess of forty, as the FLSA and the NYLL require.  Furthermore, Defendants failed to pay Plaintiff for his spread of hours in violation of NYLL.  Lastly, Defendants failed to furnish Plaintiff with accurate and/or any wage statements on each payday as the NYLL requires or provide Plaintiff with a wage notice containing the criteria enumerated under the NYLL.

3.      Defendants paid and treated of all their non-managerial employees who worked for them in the same manner.

4.      Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA.

5.      Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself, individually, and on behalf of all other persons similarly situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

6.      Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq.*  Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

7.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## PARTIES

8.      At all relevant times, Plaintiff Rivera is a resident of the State of New York, resides in the Bronx, and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

9.      At all relevant times herein, John's Coffee Shop was and is a domestic business corporation with its principal place of business located at 823 Second Avenue, New York, NY 10017.

3

10.     At all relevant times herein, Defendant George was a resident of the State of New York and had an actual place of business located at 823 Second Avenue, New York, NY 10017.

11.     At all relevant times herein, Defendant George was the president and/or owner and/or day-to-day overseer of John's Coffee Shop.

12.     Prior to the filing of this Complaint, Defendant George was served with a Notice pursuant to N.Y. Bus. Corp. Law § 630.

13.     At all relevant times herein, Defendant Nikolas was a resident of the State of New York and had an actual place of business located at 823 Second Avenue, New York, NY 10017.

14.     At all relevant times herein, Defendant Nikolas was the president and/or owner and/or day-to-day overseer of John's Coffee Shop.

15.     Defendant Nikolas has signed documents with the State of New York which lists him as Chief Executive Officer of John's Coffee Shop.

16.     Prior to the filing of this Complaint, Defendant Nikolas was served with a Notice pursuant to N.Y. Bus. Corp. Law § 630.

17.     At all relevant times herein, Defendants were "employers" within the meaning of the FLSA, NYLL, and the NYCCRR.

4

18.     Upon information and belief, for the calendar year 2016 the gross receipts of John's Coffee Shop were not less than $500,000.00.

19.     Upon information and belief, for the calendar year 2017 the gross receipts of John's Coffee Shop were not less than $500,000.00.

20.     Upon information and belief, for the calendar year 2018 the gross receipts of John's Coffee Shop were not less than $500,000.00.

21.     Upon information and belief, for the calendar year 2019 the gross receipts of John's Coffee Shop will not be less than $500,000.00.

22.     Defendants were engaged in interstate commerce within the meaning of the FLSA as they used supplies in the course of business, such as forks, knives, spoons, plates, tables chairs, much of which originated in states other than New York and the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

23.     Furthermore, all of Defendants' employees, including Plaintiffs the FLSA Plaintiffs, and the Rule 23 Plaintiffs, were individually engaged in interstate commerce as they frequently used goods that have been, and continue to be, moved in interstate commerce.  This independently subjects Defendants to the overtime wage requirements of the FLSA with respect to Plaintiffs and the FLSA Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

24.     Plaintiff seeks to bring this suit to recover from Defendants his full payment of all unpaid minimum wage and overtime compensation and liquidated damages under the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants as non-managerial employees who give consent to file a claim to recover damages for minimum wage compensation that is legally due to them and/or overtime compensation that is legally due to them for time worked in excess of forty hours per week ("FLSA Plaintiffs").

25.     Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were not paid minimum wage; (5) were required to work in excess of forty hours each workweek; and (6) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek.

26.     At all relevant times, Defendants were aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet Defendants purposefully chose not to do so.  Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation, in violation of the FLSA

## RULE 23 CLASS ALLEGATIONS

27.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to

Federal Rule of Civil Procedure ("FRCP") 23(b)(3), on his own behalf, individually, as well on

behalf of those who are similarly-situated who the Defendant subjected to violations of the NYLL

and the NYCCRR during the applicable statutory period.

28.     Under FRCP 23(b)(3), a plaintiff must plead that:

a. The class is so numerous that joinder is impracticable;

b. There are questions of law or fact common to the class that

   predominate over any individual questions of law or fact;

c. Claims or defenses of the representative are typical of the class;

d. The representative will fairly and adequately protect the class; and,

e. A class action is superior to other methods of adjudication.

29.     The Rule 23 Class that Plaintiffs seek to define includes:

Current and former employees of Defendants who, during the applicable NYLL
limitations period, performed any work for Defendants as non-managerial
employees who: (1) were not paid at the minimum wage; and/or (2) worked in
excess of forty hours per week without receiving overtime compensation; and/or
(3) were not paid spread of hours; and/or (4) were not issued accurate or any pay
stubs/wage statements on each payday containing the information that N.Y. Lab.
Law § 195(3) requires; and/or (5) were not issued wage notices at the time of their
hire, or at any time thereafter as required by N.Y. Lab. Law § 195(1); and/or (6)
whose tips were unlawfully appropriated by Defendants; and/or (7) whose tips were
illegally deducted from their wages ("Rule 23 Plaintiffs").

### Numerosity

30.     During the previous six years, Defendants have employed, in total, at least forty

employees that are putative members of this class.

## Common Questions of Law and/or Fact

31.     There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff, including but not limited to the following: the duties that the Defendants required and require each Rule 23 Plaintiff to perform; whether the Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; whether the Defendants compensated and compensate the Rule 23 Plaintiffs at the minimum wage rate; whether the Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one half times their respective straight-time rates of pay for all hours worked per week over forty; whether the Defendants compensated or compensate each Rule 23 Plaintiff for spread of hours pay at the at the prevailing minimum wage for each day during which there was a split shift and/or the spread of hours exceeded 10 hours; whether the Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); whether the Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; whether the Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; if so, whether the Defendants' violations were in willful violation of the NYLL and supporting regulations; and if so, what constitutes the proper measure of damages

**Typicality of Claims and/or Defenses**

32.     As described in the background facts section below, Defendants, despite the title that it assigned to Plaintiff, employed Plaintiffs as non-managerial, non-exempt employees. Plaintiffs' claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work, and/or have worked for Defendants in excess of forty hours per week, as non-managerial employees, and Defendants failed to pay Plaintiff minimum wage, overtime, or spread of hours.  Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at the statutory minimum wage rate, at a rate of one and one-half times their straight time rates for all hours worked per week in excess of forty, and spread of hours, and to be furnished with accurate wage statements and wage notices.  Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations.  Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiffs' claims and/ or the Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

**Adequacy**

33.     Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. The Defendants did not pay Plaintiff minimum wage, overtime pay for his hours worked over forty each week, or spread of hours, which is substantially-similar to how the Defendants paid the Rule 23 Plaintiffs.  Plaintiff is no longer

employed with the Defendant, and thus have no fear of retribution for his testimony.  Plaintiff fully anticipates testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendants' Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

## **Superiority**

34.    Plaintiff has no, or few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiffs identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

35.    Any lawsuit brought by an employee of the Defendants for the same violations alleged herein would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

36.    Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this matter is properly maintainable as a Class Action under FRCP 23(b)(3).

37.    Additionally, Plaintiff's counsel has substantial experience in this field of law.

## **BACKGROUND FACTS**

38.    Defendants own and operate a restaurant in Manhattan.

39.     At all relevant times, Defendants George and Nikolas were the owners and day-to-day overseers of John's Coffee Shop who in that capacity were responsible for hiring and firing employees, determining their rates and methods of pay and the hours that employees were required to work.

40.     From in or about in or about March 1, 2015 through February 19, 2019, Plaintiff Rivera worked for Defendants.

41.     Throughout his employment, Plaintiff Rivera's job consisted of washing dishes, preparing food, sweeping, mopping, cleaning the sidewalk, stocking items, cleaning bathrooms and making some deliveries.

42.     Defendants required Plaintiff Rivera to work – and he did in fact work - from 6:00 a.m. to 4:30 p.m. six days a week with varying days off from on or about March 1, 2015 until on or about June 1, 2015.

43.     From on or about June 2, 2015 until February 19, 2019 Plaintiff Rivera worked 6:00 a.m. to 3:00 p.m. five days a week with varying days off.

44.     From on or about March 1, 2015 until on or about November 1, 2016, Defendants paid Plaintiff Rivera a fixed weekly salary of $380.00 which was intended to cover the first forty hours that he worked each week

11

45.     From on or about November 2, 2016 until February 19, 2019 Defendants paid Plaintiff Rivera a fixed weekly salary of $400.00, which was intended to cover the first forty hours that he worked each week.

46.     Defendants failed to notify Plaintiff Rivera in writing of the tip credit provisions of the NYLL, or of their intent to apply a tip credit to his wages.

47.     Defendants failed to notify Plaintiff Rivera either verbally or in writing of the tip credit provisions of the FLSA, or of their intent to apply a tip credit to his wages.

48.     Defendants did not satisfy the requirements under the FLSA and NYLL by which they could apply a tip credit to Plaintiffs' wages.

49.     Defendants did not allow Plaintiff to retain all the tips he earned, including but not limited to, retaining all tips which Plaintiff should have received through online order sites such as GrubHub.

50.     Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Plaintiff earned.

51.     Defendants imposed on Plaintiff a tip redistribution scheme to which he never agreed.

52.     Throughout his entire employment, Defendants failed to compensate Plaintiff with the applicable minimum wage, as required under the FLSA and NYLL.

53.     Through his entire employment, Defendants suffered or permitted Plaintiff to work over 10 hours per day.  During such workdays, Defendants failed to compensate Plaintiff for any spread of hours pay at the at the prevailing minimum wage for each day during which there was a split shift, and/or the spread of hours exceeded 10 hours.

54.     Throughout his entire employment, Defendants paid Plaintiff on a weekly basis, without providing him with any wage statements that reflected the amount of hours that he worked, his regular rate of pay or his overtime rate of pay for each hour he worked in excess of forty hours in a given workweek.

55.     Defendants intentionally did not provide Plaintiff with a wage notice at the time of his hire, or at any time thereafter, containing any of the following information: their rates of pay and basis thereof; whether Plaintiff was paid by the hour, shift, day, week, salary, piece, commission, or other; whether any allowances were claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by Defendants; the name and physical addresses of Defendants; any "doing business as" names used by Defendants; and Defendants' mailing addresses and telephone numbers.

56.     Defendants acted in the manner described herein so as to maximize their profits while minimizing his labor costs.

57.     Every hour that Plaintiff worked was for Defendants' benefit.

58.     Defendants treated all FLSA Plaintiffs and Rule 23 Plaintiffs in the manner described above.

### *FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS*
#### *Unpaid Minimum Wage under the FLSA*

59.     Plaintiff and the FLSA Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

60.     The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect the Plaintiff and the FLSA Plaintiffs.

61.     Defendants have failed to pay the proper statutory minimum wage to which Plaintiff and the FLSA Plaintiffs have been entitled under the FLSA.

62.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and the FLSA Plaintiffs.

63.     As Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

64.     As a result of Defendants' violations of the FLSA, the Plaintiff and the FLSA Plaintiffs has been deprived of the proper minimum wage compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### *SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS*
#### *Unpaid Minimum Wage under the NYLL*

65.     The Plaintiff and the Rule 23 Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

66.     At all times herein pertinent, the Plaintiff and the Rule 23 Plaintiffs were employees of Defendants within the meaning of the New York Labor Law.

67.     Defendants are employers of the Plaintiff and the Rule 23 Plaintiffs within the meaning of the New York Labor Law.

68.     The minimum wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

69.     Defendants have failed to pay the Plaintiff and the Rule 23 Plaintiffs the proper minimum wages to which they were entitled under the New York Labor Law.

70.     By Defendants' failure to pay the Plaintiff and the Rule 23 Plaintiffs proper minimum wages for hours worked up to the first 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

71.     Due to Defendants' violations of the New York Labor Law, Plaintiff and the Rule 23 Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

<u>**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**</u>
<u>*Unpaid Overtime under the FLSA*</u>

72.     Plaintiff and the FLSA Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

73.     Defendants were required to directly pay the Plaintiff and the FLSA Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

74.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and the FLSA Plaintiffs are employees within the meaning of the FLSA.

75.    As also described above, Plaintiff and the FLSA Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

76.    The Defendants willfully violated the FLSA.

77.    As such, Plaintiff and the FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective standard rate of pay.

78.    Plaintiff and the FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's overtime provisions.

79.    All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
#### *Unpaid Overtime under the NYLL*

80.    Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

81.    Defendants were required to directly pay the Plaintiff and Rule 23 Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

82.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

83.     As also described above, Plaintiff and Rule 23 Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the NYLL's overtime provisions.

84.     Due to Defendants' violations of the New York Labor Law, Plaintiff and Rule 23 Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### *FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Failure to Pay Spread of Hours*

85.     Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

86.     Defendants have willfully failed to pay Plaintiff and Rule 23 Plaintiffs additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty - has been greater than 10 hours.

87.     Through their knowing or intentional failure to pay Plaintiff and Rule 23 Plaintiffs spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, § § 650 et seq., and the supporting New York State Department of Labor Regulations.

88.     Due to Defendants' violations of the NYLL, Plaintiff and Rule 23 Plaintiffs are entitled to recover from Defendants their unpaid spread-of-hours wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Wage Statements in Violation of the NYLL*

89.     Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

90.     NYLL § 195(3) requires employers to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to employees.

91.     As described above, the Defendants willfully failed to furnish Plaintiff and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

92.     Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiff and Rule 23 Plaintiffs for each workweek after the violation occurred, up to the statutory cap of $2,500.

93.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiff and Rule 23 Plaintiffs in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Proper Wage Notices in Violation of the NYLL*

94.     Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

95.     The NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

96.     Each Defendant is an employer within the meaning of the NYLL and the NYCCRR, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

97.     Defendants willfully failed to provide Plaintiff and Rule 23 Plaintiffs with a wage notice containing the criteria enumerated under the NYLL.

98.     Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $50 for each workweek after the violations initially occurred, up to a statutory cap of $2,500.

99.     On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

**EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Tip Misappropriation Under the New York Labor Law*

100.    Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.


101.    At all times relevant, Plaintiff and the members of the Rule 23 Class have been employees within the meaning of NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.


102.    At all times relevant, each Defendant has been an employer of Plaintiff and the members of the Rule 23 Class within the meaning of the NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.


103.    The wage payment provisions of Article 6 of the NYLL, and the supporting New York State Department of Labor Regulations, apply to Defendants, and protect Plaintiff and the members of the Rule 23 Class.


104.    Defendants have unlawfully demanded or accepted, directly or indirectly, part of the gratuities and/or service charges received by Plaintiffs and the members of the Rule 23 Class

in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

105.   Defendants have unlawfully retained part of the gratuities and/or service charges earned by Plaintiff and the members of the Rule 23 Class in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

106.   Defendants have unlawfully required Plaintiff and the members of the Rule 23 Class to share part of the gratuities and/or service charges they received with employees other than servers, bussers, runners, bartenders, or similar employees, in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor regulations.

107.   Through their knowing or intentional demand for, acceptance of, and/or retention of gratuities and/or service charges received by Plaintiff and the member so the Rule 23 Class, Defendants have willfully violated the NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor regulations.

108.   Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants the value of all misappropriated gratuities and/or service charges, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## NINTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unlawful Deductions from Wages Under the New York Labor Law*

109.    The Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.


110.    Defendants have made unlawful deductions from the wages of Plaintiff and the members of the Rule 23 Class, including, but not limited to deducting all of the tips earned from online purchases.


111.    The deductions made from the wages of Plaintiff and the members of the Rule 23 Class have not been expressly authorized in writing by Plaintiff and the members of the Rule 23 Class and have not been for the benefit of Plaintiffs and the members of the Rule 23 Class.


112.    Through their knowing or intentional efforts to permit unauthorized deductions form the wages of Plaintiff and the members of the Rule 23 Class, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.


113.    Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants the amounts of all unlawful deductions, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## DEMAND FOR A JURY TRIAL

114.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against the Defendants as follows:

A.      That, at the earliest possible time, the Named Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all FLSA Plaintiffs who are presently working at, or who have worked at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice. Such notice shall inform the FLSA Plaintiffs that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid minimum wage compensation, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting US Department of Labor Regulations;

C.      Unpaid overtime compensation, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting US Department of Labor Regulations;

D.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E.      Designation of the Named Plaintiff as representative of the Rule 23 Class;

F.      Designation of undersigned counsel as Class Counsel;

G.      Payment of a service award to the Named Plaintiff in recognition of the services he has rendered and will continue to render to the FLSA Collective and Rule 23 Class;

H.      Issuance of a declaratory judgment that the practices complained of in this Collective and Class Action Complaint are unlawful under the NYLL, Article 6 §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

I.      Unpaid minimum wage compensation and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

J.      Unpaid overtime compensation and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

K.      Unpaid spread of hours compensation and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

L.      Misappropriated tips and/or service charges and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

M.      Unlawful deductions and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

N.      Statutory penalties of fifty dollars for each work day that Defendants failed to provide Named Plaintiff and the Members of the Rule 23 Class with proper annual wage notices, or a total of five thousand dollars for each Class Member, as provided for by NYLL, Article 6 § 198;

O.      Statutory penalties of two hundred fifty dollars for each work day that Defendants failed to provide Named Plaintiff and the Members of the Rule 23 Class with proper wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

25

P.      Prejudgment and post-judgment interest;

Q.      An injunction requiring Defendants to pay all statutorily required wages and cease

the unlawful activity described herein pursuant to the NYLL;

R.      Reasonable attorneys' fees and costs of the action; and

S.      Such other and further relief, in law or equity, as this Court may deem appropriate

Dated:  New York, New York
          March 18, 2019

                                    Respectfully submitted,
                                    LAW OFFICES OF WILLIAM CAFARO

                                    _____
                                    Amit Kumar (AK0822)
                                    *Attorneys for Plaintiff*
                                    108 West 39th Street, Suite 602
                                    New York, New York 10018
                                    (212) 583-7400
                                    AKumar@Cafaroesq.com